OPINION
This is an appeal from the Canton Municipal Court. Appellant, William H. Georges Co., LPA, entered into a contract with, and paid $1,000 down, to appellee, Introtech, Inc. Appellee was to provide accident reconstruction services and expert testimony in a case Attorney Georges was handling, Meyer v. Fisher, Stark C.P. No. 1998CV01830. Appellee provided the services and one of its experts, Henry Lipian, testified at trial, but Attorney Georges's client lost. Shortly thereafter, appellee submitted a bill for its services in the amount of $8,323.45 less the $1,000.00 paid, for a total of $7,323.45. Appellant paid $2,000.00, but made no further payments.
On April 10, 2000, appellee filed a complaint to recover on the account with interest. Appellant answered and asserted the affirmative defense of failure of consideration. A bench trial commenced on June 20, 2000. By judgment entry filed June 21, 2000, the trial court found in favor of appellee in the amount of $5,323.45.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN ITS DECISION AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THIS QUASI-CONTRACT ACTION IN CONCLUDING THAT "THE WRITTEN AGREEMENT WAS SUPPORTED BY VALID CONSIDERATION. DEFENDANT RECEIVED THE BENEFIT OF PLAINTIFF'S EXPERTISE IN PREPARATION FOR TRIAL, AND PLAINTIFF'S EXPERT'S TESTIMONY AT DEPOSITION AND AT JURY TRIAL".
 II THE TRIAL COURT ERRED BY FAILING TO EVALUATE THE EVIDENCE PRESENTED IN SUPPORT OF DEFENDANT'S/APPELLANT'S AFFIRMATIVE DEFENSES OF FAILURE OF CONSIDERATION DUE TO FAILURE OF PERFORMANCE AND BREACH OF IMPLIED WARRANTY THAT OPINIONS AND EXPERT INVESTIGATION SERVICES WOULD BE FIT FOR THE PURPOSE INTENDED AND THAT DEFENDANT/APPELLANT RELIED TO ITS DETRIMENT UPON THE REPRESENTATIONS OF PLAINTIFF/APPELLEE'S EXPERT TRAFFIC RECONSTRUCTIONIST WHOSE SERVICES WERE THE GRAVEMEN (SIC) OF THE AGREEMENT BETWEEN THE PARTIES.
 III THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR SPECIFIC FINDINGS OF FACT AND CONCLUSIONS OF LAW TIMELY REQUESTED PURSUANT TO CIV. R. 52.
 I, II
These assignments of error were briefed and argued jointly and will be treated jointly since both raise essentially a weight of the evidence issue.
The standard of review for weight of the evidence is well established. When a party asserts that the finding is against the manifest weight of the evidence, the party must demonstrate that the evidence could lead to only one conclusion and that conclusion is contrary to the judgment. Judgments supported by some competent, credible evidence going to all the elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. Masitto v. Masitto (1986),22 Ohio St.3d 63. An appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Schiebel (1990), 55 Ohio St.3d 71. In Home Builders Assoc. ofDayton The Miami Valley v. City of Beavercreek (2000), 89 Ohio St.3d 121,129, the Supreme Court of Ohio stated the following:
 When reaching a factual determination, the trial court is in the best position to evaluate the testimony of witnesses and the evidence presented. See State v. Hawkins (1993), 66 Ohio St.3d 339, 344, 612 N.E.2d 1227, 1231; In re Lieberman (1955), 163 Ohio St. 35, 38, 56 O.O. 23, 24, 125 N.E.2d 328, 330. Further, a reviewing court will not disturb factual findings of the trial court unless those findings are against the manifest weight of the evidence. State ex rel. Shady Acres Nursing Home v. Rhodes (1983), 7 Ohio St.3d 7, 7 OBR 318, 455 N.E.2d 489.
Failure of consideration is an affirmative defense under Civ.R. 8(C), and since the burden of proof in any case rests upon the party asserting the affirmation of an issue, the burden was on appellant to prove to the satisfaction of the trial court that there was a failure of consideration; this appellant failed to do. To be sure, evidence was offered that Dr. Lipian's testimony was not as persuasive as Attorney Georges had hoped, and that his conclusion about the implied crosswalk was not as cogent or convincing as Attorney Georges had anticipated. Having heard all this evidence, the trial court was not convinced that there was a failure of consideration or that appellee had failed to provide its accident reconstruction expertise as required under the contract.
Appellant would have this court substitute its judgment for that of the trial court. We decline to do so because the evidence supporting the judgment, such as the contract and the partial payment after trial, is quite solid. We also decline because the evidence supporting the affirmative defense of failure of consideration is less precise and even somewhat speculative. The trial court was in a far better position than this court to weigh and evaluate this evidence and determine if there had been a failure of consideration.
Assignments of Error I and II are denied.
 III
This assignment of error questions what is required of a trial court for findings of fact under Civ.R. 52. On June 21, 2000, the trial court filed a judgment entry which contained finding of fact and conclusions of law. In Conclusion of Law No. 2, the trial court specifically found "[t]he written agreement was supported by valid consideration."
On the same day, appellant filed a motion to amend the answer to conform to the evidence. The amended answer asserted a fraud claim which had hither to not been raised in the case. On June 26, 2000, appellant then filed a motion asking the court to make specific findings of fact and conclusions of law on this fraud claim. The next day, the trial court put on an entry directing appellant's attention to its previous findings and overruling the motion for specific findings.
Upon review, we see no error here. Appellant was in effect saying to the trial court: since we lost this on the failure of consideration defense, we would like to retry it on a fraud defense. The trial court did not specifically rule on appellant's motion to amend the answer to conform to the evidence, nor did the court specifically rule on appellee's motion to amend the complaint to conform to the evidence. However, the entry of June 27, 2000, where the previous decisions of the trial court were reaffirmed, implicitly but clearly indicated that this entry was to be the court's final entry in the case. It appears that appellant understood it as such since the notice of appeal was filed July 20, 2000.
The trial court made a finding that the contract was supported by sufficient consideration which means the failure of consideration was not proved. This is full compliance with Civ.R. 52.
Assignment of Error III is denied.
The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed.
 ________ Grey, J.
Grey, V.J., Milligan, V.J. and Reader, V.J. concur.